Sparks v. Munson.

**CONTRACT:**
breach of: measure of damages.

---

JAMES. F. SPARKS, Appellant v. W. T. MUNSON, Respondent.

### Kansas City Court of Appeals, May 30, 1898.

1. **Principal and Surety:** NOTICE TO SUE: EVIDENCE.   In an action against a surety on a note where the defense is a failure to bring suit after due notice, it is proper to ask defendant on his examination if he had not taken a chattel mortgage as indemnity after the time of giving the alleged notice.

2. ———: ———: SERVICE OF.   Where the notice by the surety to bring suit is in duplicate the service of either one on the holder of the note is sufficient under the statute.

*Appeal from the Carroll Circuit Court.*—Hon. W. W. Rucker, Judge.

Reversed and remanded.

James F. Graham and S. J. Jones and Frank Sheetz for appellant.

(1) The exclusion of the evidence of Munson that he had taken a mortgage in the fall of 1895 to secure him for the payment of the note in suit was error. This evidence was of vital importance and it was a strong circumstance tending to show that notice to sue had not been given. The objection to the notice and service thereof should have been sustained. If any paper was ever handed plaintiff it was the original and not the copy. Notice can not be served in that manner. The witness had but the one paper at the time of the service and did not know of any other. The service of notice must be complete in itself and can not be pieced out in this manner. Conway v. Campbell, 38 Mo. App. 476, and cases cited; Bank v. Suman, 79 Mo. 531.

James L. Minnis for respondent.

(1) It was incompetent to show a waiver, because the facts relied upon to constitute such were not pleaded. A party must plead a waiver in order to offer evidence of the same, or to make it available as a defense. Alcorn v. R. R., 108 Mo. 81; Mahoney v. Reed, 40 Mo. App. 99; Fernan v. Whitford, 39 Mo. App. 311; Roy v. Boteler, 40 Mo. App. 213; Bray v. Marshall, 75 Mo. 327; Noble v. Blount, 77 Mo. 235. (2) It was incompetent to show the existence of a fact tending to contradict that the notice to sue on the note was given.

The mortgage was the best evidence. State to use v. Martin, 52 Mo. App. 511; Davis v. Hilton, 17 Mo. App. 319; Blondeau v. Sheridan, 81 Mo. 545. Such evidence did not tend to disprove or contradict the giving of the notice to sue. Bank v. Murdock, 62 Mo. 74–75. Such evidence was not pertinent to the issue; but involved a collateral matter wholly foreign to the issue. McFadden v. Catron, 120 Mo. 263, 264; Bank v. Murdock, 47 Mo. 581; Dunn v. Altman, 50 Mo. App. 231. (3) The notice in form complies with the statute. R. S. 1889, sec. 8343, Routon's Adm'r v. Lacy, 17 Mo. 399; Christy's Adm'r v. Horn, 24 Mo. 242. Each was a duplicate of the other. And it is immaterial which may be designated as a copy and which as original. Routon's Adm'r v. Lacy, 17 Mo. 399; R. S. 1889, sec. 8345; Smith v. Ponath, 17 Mo. App. 262–264; Christy's Adm'r v. Horn, 24 Mo. 242.

ELLISON, J.—This action is on a promissory note against defendant as a surety thereon. The defense was that defendant gave plaintiff the statutory notice to sue the principal within thirty days and that plaintiff failed to do so, whereby defendant was discharged. Defendant prevailed in the trial court.

Plaintiff denied that he had been notified to sue the principal. On cross-examination of defendant who was a witness in his own behalf and who gave testimony tending to show that notice had been given the plaintiff, he was asked if he had not taken an indemnifying chattel mortgage from the principal securing him against loss by reason of his suretyship. His answer disclosed such a mortgage, given some time after the alleged notice to sue. The court afterward, on defendant's motion, struck out that portion of the testimony. In this error was committed. The principal issue in the case was whether notice had been

given the plaintiff by defendant. Defendant had testified in chief in that behalf. It was certainly proper matter of cross-examination to ask him as to the mortgage, since it had some tendency, proper for the jury to consider, to contradict witness as to giving the notice. It was a proper matter of consideration and explanation of why he would take a chattel mortgage to secure him against a liability from which he had been discharged by the notice said to have been given. The authorities cited by defendant do not meet the question.

2. Objection was made to the proof of notice alleged to have been served on plaintiff. The statute (section 8345) as to manner of serving notice is as follows: "The notice required above shall be served by delivering a copy thereof to the person having the right of action on the instrument, or leaving a copy at his usual place of abode with some person of the family over the age of fifteen years." The objection seems to be that a *copy* must be served and not the original. The facts were that duplicate notices were made out by defendant and one retained and the other served. This was sufficient. It could harm no one that each notice was an original.

The case seems to have been properly tried in all respects save that indicated as to the exclusion of evidence, but for that error the judgment must be reversed and the cause remanded. All concur.